IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROLAND MORAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:07CV1181-HSO-RHW |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | DEFENDANT |

## ORDER AND REASONS GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of Defendant State Farm Fire and Casualty Company ["Defendant"], filed on April 11, 2008, for Summary Judgment [11-1], pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of the Complaint on the grounds of settlement and release. Plaintiff Roland Moran ["Plaintiff"] has filed a Response [12-1], and Defendant has filed a Reply [13-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion for Summary Judgment should be granted.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff's residence and its contents, which were all apparently insured under a policy issued by Defendant, were "totally destroyed" on August 29, 2005, during Hurricane Katrina. *See* Compl., at ¶ 3. Plaintiff contends that he made a claim for damages under his homeowner's insurance policy, which Defendant denied. *See id.* After participating in the Mississippi Department of Insurance Hurricane Mediation Program, Plaintiff entered into a Settlement Agreement with

Defendant on September 14, 2006. Plaintiff accepted $90,000.00 from Defendant in settlement of "any and all Katrina claims of any kind whatsoever against one another, except that if [Plaintiff] discovers additional insured damage that was not known to the parties prior to this mediation, [he] may file a supplemental Katrina claim, which shall be treated as a new claim." Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mot.

Plaintiff initiated this suit by filing his Complaint [1-3] in the Circuit Court of Harrison County, Mississippi, Second Judicial District, on October 22, 2007. Plaintiff asserted claims of bad faith denial, breach of fiduciary duty, and fraudulent misrepresentation, which were all related to the denial of an insurance claim for damages to his residence during Hurricane Katrina. Defendant removed the case to this Court on November 5, 2007, invoking this Court's jurisdiction based upon diversity of citizenship. *See* Notice of Removal [1-1] (citing 28 U.S.C. § 1332).

Defendant now moves this Court to completely dismiss the present case based upon Plaintiff's alleged settlement and release of his claims. Plaintiff opposes such dismissal, asserting that his claim has been reopened.

## II. DISCUSSION

A.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp.2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Shields v. Twiss,* 389 F.3d 142,149-50 (5th Cir. 2004) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). If the evidence is merely colorable, or is not significantly probative, summary judgment is

appropriate.  *See Anderson*, 477 U.S. at 249.  The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  *See Gaddis v. Smith & Nephew, Inc.*, 534 F. Supp. 2d 697, 699 (S.D. Miss. 2008).

B.  <u>Defendant's Motion for Summary Judgment</u>

Defendant seeks summary judgment on all of Plaintiff's claims on grounds of settlement and release of his claims.  *See* Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mot.  "The law favors the settlement of disputes by agreement of the parties and, ordinarily, will enforce the Agreement which the parties have made, absent any fraud, mistake, or overreaching."  *McManus v. Howard*, 569 So. 2d 1213, 1215 (Miss. 1990) (internal citations omitted).

The Settlement Agreement, which Plaintiff signed, establishes that there was a meeting of the minds concerning the express terms in the written agreement, and that the Settlement Agreement is enforceable.  *See Hastings v. Guillot*, 825 So. 2d 20, 23 (Miss. 2002).  Plaintiff has presented no evidence of any "fraud, mistake, or overreaching."  *See McManus*, 569 So. 2d at 1215.  Based on the record, no dispute exists or can exist that "any and all Katrina claims of any kind whatsoever," which Plaintiff may have against Defendant, were released.  *See* Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mot.

The Settlement Agreement does contain a reservation of the right to file a new claim based on "additional insured damage that was not known to the parties

prior to [the] mediation...." Settlement Agreement, at ¶ 2, attached as Ex. "A" to Def.'s Mot.  However, the Court is of the opinion that this provision of the Settlement Agreement cannot reasonably be read as a reservation of the right to pursue a tort claim for bad faith or breach of fiduciary duty in the adjustment of Plaintiff's storm damage claim.  Such a construction would undermine the very purpose of this type of settlement agreement, which is to finally resolve a disputed claim by way of a compromise payment that puts an end to the parties' legal differences.  Plaintiff has not offered evidence of any discovery of additional damage to the insured property that was unknown to him at the time that he entered into this Settlement Agreement with Defendant.

The Court is of the opinion that Defendant has met its burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The burden then shifts to Plaintiff to present significant probative evidence that he may have a claim sufficient for a jury to return a verdict in his favor.  *See Shields,* 389 F.3d at 149-50 (*citing Anderson*, 477 U.S. at 249).

When opposing summary judgment, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The Fifth Circuit has explained that "[t]his burden is not satisfied with 'some metaphysical doubt as to the material

facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (*quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), *Lujan v. Nat'l Wildlife Fed.,* 497 U.S. 871, 871-73 (1990), *Hooper v. Frank,* 16 F.3d 92 (5th Cir. 1994)*,* and *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994)). Plaintiff has submitted no evidence in support of his one page Response to the Motion, instead offering only broad conclusory allegations that his claim in this case falls within any exception to the release. Plaintiff has clearly not met his burden, and the Court is of the opinion that summary judgment is therefore appropriate.

III. CONCLUSION

For the reasons stated more fully herein, Plaintiff has not presented sufficient evidence to establish genuine issues of material fact for resolution at trial with respect to his claims. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff is unable to satisfy his burden of rebutting Defendant's showing that he has settled all of his claims against Defendant related to Hurricane Katrina, and Defendant is entitled to judgment as a matter of law. Defendant's Motion should be granted, and Plaintiff's claims will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Motion of Defendant State Farm Fire and Casualty Company for Summary Judgment, filed on April 11, 2008 [11-1], pursuant to FED.

R. CIV. P. 56, should be and is hereby **GRANTED**, and this civil action is hereby **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 2nd day of July, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE