IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| ROLAND MORAN | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:07CV1181-HSO-RHW |
| | § | |
| STATE FARM FIRE AND | § | |
| CASUALTY COMPANY | § | DEFENDANT |

## ORDER AND REASONS DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

BEFORE THE COURT is the Motion of Plaintiff Roland Moran ["Plaintiff"], filed on July 11, 2008, for Reconsideration [25-1] of this Court's Order [23-1], which granted Defendant State Farm Fire and Casualty Company's ["Defendant"] Motion for Summary Judgment [11-1] and dismissed Plaintiff's Complaint on the grounds of settlement and release.  Defendant filed a Response [26-1] on July 21, 2008. After consideration of Plaintiff's submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion for Reconsideration must be denied.

## I. DISCUSSION

On July 2, 2008, the Court entered an Order [23-1] granting Defendant's Motion for Summary Judgment on the grounds of settlement and release, pursuant to Federal Rule of Civil Procedure 56.  Nine days later, on July 11, 2008, Plaintiff filed the present Motion for Reconsideration.

While the Federal Rules of Civil Procedure do not explicitly recognize motions for reconsideration, courts evaluate them under either Rule 59(e), as motions "to

alter or amend judgment," or Rule 60(b), motions for "relief from judgment." *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008) (*citing Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*); *Trautmann v. Cogema Mining, Inc.,* No. 5:04-cv-117, 2007 WL 2670093, *2 (S.D. Tex. Sept. 7, 2007) (*citing Lavespere*, 910 F.2d at 173). Because the Motion was served within the ten days prescribed by Rule 59(e), the Court reviews it pursuant to Rule 59(e). *See Rogers*, 2008 WL 2337184, at *5 (*citing Lavespere*, 910 F.2d at 173). Rule 59(e) motions are subject to the considerable discretion of the district judge. *See Lavespere*, 910 F.2d at 174.

Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S. D. Miss. 1990)). The Court construes Plaintiff's Motion for Reconsideration as one seeking relief under the third prong of the aforementioned standard, as the first two are not applicable.

"This motion 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Worrell v. Houston Can! Academy*, 2008 WL 2753405, *6 (5th Cir. July 16, 2008) (*quoting Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A motion for

-2-

reconsideration "is not a proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (*citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Nor is a motion for reconsideration "intended to give an unhappy litigant one additional chance to sway the judge."  *Atkins*, 130 F.R.D. at 626 (*quoting Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).  The Fifth Circuit has instructed that "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiff has not shown any "manifest errors of law or fact" or presented any "newly discovered evidence."  The Court is of the opinion that Plaintiff's Motion for Reconsideration presents no evidence or arguments that were not or could not have been raised in his Response to Defendant's Motion for Summary Judgment.  Denial of the Motion for Reconsideration is therefore appropriate.  *See Worrell*, 2008 WL 2753405, at *6; *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (holding that motion under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued.") (*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The Court remains convinced that it properly granted Defendant's Motion for Summary Judgment based on the record before it.

## II.  <u>CONCLUSION</u>

After careful consideration of the instant Motion, the pleadings on file, and the relevant legal authorities, the Court finds that Plaintiff has not shown that the Court committed a clear error in, or that manifest injustice will result from, its finding that Defendant's Motion for Summary Judgment should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration [25-1] of this Court's Order granting Defendant's Motion for Summary Judgment, filed July 11, 2008, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 6th day of August, 2008.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE